IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LADONNA MARTIN-EVANS, individually,
and STACEY D. EVANS, individually
and as power of attorney for
LADONNA MARTIN-EVANS,

        Plaintiffs,

v.                                    Civil Action No. 5:15CV87
                                                        (STAMP)
CHESAPEAKE APPALACHIA, LLC, an
Oklahoma limited liability company,
and DONALD J. SCHRECKENGOST a/k/a
D.J. SCHRECKENGOST, individually
and as an agent, employee and/or
representative of defendant,
CHESAPEAKE APPALACHIA, LLC,

        Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND,
GRANTING DEFENDANT DONALD J. SCHRECKENGOST'S
MOTION TO DISMISS,
GRANTING DEFENDANT CHESAPEAKE APPALACHIA, LLC'S
PARTIAL MOTION TO DISMISS AND
DENYING AS MOOT DEFENDANT CHESAPEAKE APPALACHIA, LLC'S
MOTION TO STRIKE OR ALTERNATIVELY TO FILE A SUR-REPLY**


I.  Background

    The plaintiffs originally filed this civil action in the

Circuit Court of Ohio County, West Virginia.  Defendant Chesapeake

Appalachia, LLC ("Chesapeake") removed this civil action, to which

defendant Donald J. Schreckengost ("Schreckengost") consented.  ECF

Nos. 1 and 4.  The plaintiffs are residents of West Virginia.

Chesapeake's citizenship and primary place of business are located

in Oklahoma, and defendant Schreckengost is a resident of West

Virginia. According to the complaint, the plaintiffs planned to enter into a leasehold agreement with Chesapeake. That agreement was allegedly negotiated and entered into with the help of defendant Schreckengost. The plaintiffs claim that defendant Schreckengost was an employee or agent of Chesapeake. Before finalizing the leasehold agreement with Chesapeake, the plaintiffs negotiated into right of way agreements with Appalachia Midstreams Services, LLC. However, after entering into those right of way agreements, Chesapeake allegedly stated that it no longer sought to enter into the leasehold agreement with the plaintiffs. Thus, the plaintiffs entered into right of way agreements under the belief that they would be in a leasehold agreement with Chesapeake. In their complaint, the plaintiffs assert the following counts against the defendants: (1) breach of contract; (2) fraud and/or constructive fraud; (3) equitable estoppel; and (4) unjust enrichment. Further, the plaintiffs seek punitive damages, general damages, and a jury trial.

Pending before this Court are the following motions: (1) the plaintiffs' motion to remand; (2) defendant Schreckengost's motion to dismiss; (3) Chesapeake's partial motion to dismiss; and (4) Chesapeake's motion to strike, or, alternatively, to file a sur-reply. Those matters are discussed in the order presented.

A.   <u>Plaintiffs' Motion to Remand</u>

In their motion to remand, the plaintiffs first contend that diversity jurisdiction does not exist, pointing to defendant Schreckengost's West Virginia residency.   ECF No. 4.   They then assert that Chesapeake's notice of removal is untimely, and that the Circuit Court of Ohio County is the proper venue for this civil action.   Within their motion to remand, the plaintiffs also seek attorney's fees and costs incurred as a result of the defendants' removal.

Chesapeake first argues that it timely removed this action. As to venue, Chesapeake believes that this Court is the proper venue for actions removed from Ohio County, West Virginia courts. Chesapeake then contends that diversity jurisdiction exists because the plaintiffs fraudulently joined defendant Schreckengost.   In support of that contention, Chesapeake asserts the following: (1) defendant Schreckengost was not a party to the leasehold agreement; (2) the plaintiffs did not sufficiently plead a claim of fraud against defendant Schreckengost; and (3) the plaintiffs did not sufficiently plead that defendant Schreckengost was unjustly enriched by the alleged actions of the parties.   As to the plaintiffs' request for attorney's fees and costs, Chesapeake argues that such fees should be denied because it had an objectively reasonable basis for seeking removal.

B.    Defendant Schreckengost's Motion to Dismiss

In addition to the plaintiffs' motion to remand, defendant Schreckengost filed a motion to dismiss the complaint.  ECF No. 8. Defendant Schreckengost first points out that he was not a party to the alleged leasehold agreement between the plaintiffs and Chesapeake.   Because of that, he contends that the breach of contract claim should be dismissed as it relates to him.   Second, as to the fraud and estoppel claims, the defendant argues that the plaintiffs failed to sufficiently plead enough facts to show how defendant Schreckengost committed fraud.   Third, regarding the unjust enrichment claim, defendant Schreckengost claims that not only is he not a party to the alleged leasehold agreement, but that the plaintiffs also fail to allege what benefit he obtained. Finally, because the plaintiffs cannot prevail against defendant Schreckengost, defendant Schreckengost requests that the plaintiffs' claims for punitive damages and attorney's fees be dismissed.

In response, the plaintiffs argue that, regarding the breach of contract claim, defendant Schreckengost may be liable because he allegedly is an agent of Chesapeake.   Concerning their fraud and estoppel claims, the plaintiffs contend that defendant Schreckengost fraudulently misrepresented information to the plaintiffs about the leasehold agreement.  Finally, the plaintiffs claim that defendant Schreckengost has yet to respond to their

discovery requests, and thus the benefit obtained, or lack thereof, is still to be decided. Therefore, they should have the opportunity to conduct discovery. For those reasons, the plaintiffs argue that defendant Schreckengost's motion to dismiss lacks merit.

C.  <u>Chesapeake's Partial Motion to Dismiss</u>

In addition to defendant Schreckengost's motion to dismiss, Chesapeake filed a partial motion to dismiss. ECF No. 6. In that motion, Chesapeake seeks to dismiss the plaintiffs' claims of fraud and estoppel, as well as the plaintiffs' demand for punitive damages and attorney's fees. As to their fraud and estoppel claims, Chesapeake argues that the plaintiffs have alleged insufficient facts. In particular, Chesapeake contends that the plaintiffs do not satisfy the pleading standard for fraud under Rule 9 of the Federal Rules of Civil Procedure ("Rule 9"). Regarding punitive damages and attorney's fees, Chesapeake believes that the only remaining counts, which would be unjust enrichment and breach of contract if this Court were to grant its motion, do not support claims for punitive damages.

In response, the plaintiffs argue that they have sufficiently plead their claims. As to the fraud and estoppel claims, the plaintiffs believe that they satisfy both the federal and state pleading requirements. Next, regarding the unjust enrichment claim, the plaintiffs contend that discovery will show that the

defendants received a monetary benefit from rescinding their acceptance. Concerning their claim for punitive damages and attorney's fees, the plaintiffs argue that it is too early in this civil action to dismiss such claims.

## II. Applicable Law

### A. Motion to Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal

jurisdiction is doubtful, the federal court must remand. <u>Hartley</u> <u>v. CSX Transp., Inc.</u>, 187 F.3d 422 (4th Cir. 1999); <u>Mulcahey</u>, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. <u>See</u> <u>Lowrey v. Alabama Power</u> <u>Co.</u>, 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); <u>O'Brien v. Quicken Loans, Inc.</u>, 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); <u>Marshall v. Kimble</u>, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); <u>Fahnestock v. Cunningham</u>, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. <u>Cunningham</u>, 2011 WL 1831596, at *2 (citing <u>Landmark Corp. v. Apogee Coal Company</u>, 945 F. Supp. 932 (S.D. W. Va. 1996)).

B. <u>Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and

essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. Plaintiffs' Motion to Remand

In their motion to remand, the plaintiffs primarily argue that diversity jurisdiction does not exist, and that the defendants' removal of this civil action is untimely. Defendant Chesapeake contends that the plaintiffs fraudulently joined defendant Schreckengost in order to defeat diversity jurisdiction. Further, Chesapeake asserts that its notice of removal is timely. For primarily the two reasons set forth below, the plaintiffs' motion to remand must be denied.

First, the defendants notice of removal was timely. Under 28
U.S.C. § 1446(b), a "petition for removal of a civil action shall
be filed within 30 days after the receipt by the defendant, through
service or otherwise, of a copy of the initial pleading[.]" As
indicated earlier, the defendant bears the burden of demonstrating
the right to removal. <u>Marler v. Amoco Oil Co.</u>, 793 F. Supp. 656,
658-59 (E.D.N.C. 1992). The plaintiffs argue that Chesapeake's
notice removal was untimely because it was filed more than 30 days
after Chesapeake was served on June 3, 2015. The record shows that
Chesapeake filed its notice removal on July 9, 2015. Therefore, at
first glance, it may appear that Chesapeake's notice of removal was
due by July 3, 2015. However, the date that the plaintiffs rely on
was when Chesapeake's statutory agent, here the Secretary of State
of West Virginia, was served. ECF No. 4, Ex. E. When a statutory
agent of a defendant is served, "rather than on an agent appointed
by the defendant, the time to remove the action to federal court
does not start to run **until the defendant actually has received a
copy of the complaint."** <u>Gordon v. Hartford Fire Ins. Co.</u>, 105 F.
App'x 476, 480 (4th Cir. 2004) (quoting <u>Lilly v. CSX Transp., Inc.</u>,
186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002)) (emphasis added). The
record shows that Chesapeake actually received a copy of the
complaint on June 9, 2015. ECF No. 14, Ex. 1. Accordingly,
Chesapeake had until July 9, 2015, to timely file its notice of

removal, which it did. Therefore, the plaintiffs' assertions as to untimeliness are slightly misguided.

Second, defendant Schreckengost appears to be fraudulently joined, meaning diversity jurisdiction does exist. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). The doctrine permits defendants "to remove cases lacking complete diversity jurisdiction if they demonstrate that the plaintiff included claims against non-diverse defendants 'for the sole purpose of preventing removal.'" <u>Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.</u>, 790 F. Supp. 2d 590, 594 (E.D. Ky. 2011) (quoting <u>McLeod v. Cities Serv. Gas Co.</u>, 233 F.2d 242, 246 (10th Cir. 1956)). Generally, joinder is deemed fraudulent in the following situations: (1) when no possibility exists "that the plaintiff can prove a cause of action against the [non-diverse] defendant"; and when outright fraud exists "in the plaintiff's pleading of jurisdictional facts." <u>Triggs</u>, 154 F.3d at 1287 (internal citations and quotations omitted). The United States Court of Appeals for the Fourth Circuit has described the defendant's burden for proving fraudulent joinder as "heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." <u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. 1999)

(internal citations and quotations omitted); see <u>Griggs v. State</u>
<u>Farm Lloyds</u>, 181 F.3d 694, 699 (5th Cir. 1999). To defeat a
fraudulent joinder claim, a plaintiff must show "a slight
possibility of a right to relief," or at least a "glimmer of hope
for the plaintiff." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422,
426 (4th Cir. 1999).

In this civil action, it appears that not even a "glimmer of
hope" exists as to the plaintiff's claims against defendant
Schreckengost, the diversity defeating defendant. The record shows
that Chesapeake's citizenship and primary place of business are
located in Oklahoma, and the plaintiffs and defendant Schreckengost
are residents of West Virginia. ECF No. 1, Ex. 1. However,
because the plaintiff fails to show even "slight possibility a
right to relief" against defendant Schreckengost, it appears that
defendant Schreckengost has been fraudulently joined. This Court's
reasoning is set forth below.

    1. <u>Count One: Breach of Contract</u>

Regarding the plaintiffs' breach of contract claim, defendant
Schreckengost was not a party to the alleged lease agreement. "A
non-party to a contract cannot be sued for breach of that
contract." <u>A. Hak Indus. Services BV v. TechCorr USA, LLC</u>, 2014 WL
7243191 (N.D. W. Va. Dec. 19, 2014); <u>see also</u> <u>Herbal Care Sys. Inc.</u>
<u>v. Plaza</u>, 2009 WL 692338, at *2 (D. Ariz. Mar. 17, 2009); <u>Brown v.</u>
<u>Kinross Gold U.S.A., Inc.</u>, 531 F. Supp. 2d 1234, 1240 (D. Nev.

2008); <u>Kelly v. TillotsonPearson, Inc.</u>, 840 F. Supp. 935, 944 (D.R.I. 1994); <u>Hotel Aquarius, B.V. v. PRT Corp.</u>, 1992 WL 391264, at *6 (S.D.N.Y. Dec. 22, 1992). Here, the complaint alleges that the plaintiffs were supposed to enter into an oil and gas lease agreement with Chesapeake, but not with defendant Schreckengost. Therefore, because defendant Schreckengost is a non-party to the alleged agreement, he cannot be sued for breach of that agreement. It should be noted that the plaintiffs argue in their motion that they seek to pursue alternative theories of recovery under their breach of contract claim, such as "ostensible authority, acting beyond the scope of [defendant Schreckengost's] authority, tortious interference with a contract, civil conspiracy and/or joint venture." ECF No. 18. As Chesapeake correctly points out in its response in opposition, those alternative theories of recovery were not pleaded in the complaint. <u>See</u> <u>Great Plans Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 321 (5th Cir. 2002). Accordingly, based on the breach of contract claim as framed in the complaint, rather than in the plaintiffs' later filings, defendant Schreckengost was not a party to the alleged contract between Chesapeake and the plaintiffs.

Furthermore, the plaintiffs' alternative theories of recovery under the principles of agency also lack merit. West Virginia law explicitly states that "[a]n agent or broker contracting for and on behalf of a principal known or disclosed to the person with whom

the contract is made, is not personally bound by it, nor liable for a breach thereof, unless the credit has been extended to him or he has expressly bound himself by the contract in some form." Hurricane Milling Co. v. Steel & Payne Co., 99 S.E. 490 (W. Va. 1919) (citing Johnson v. Welch, 24 S.E. 585 (W. Va. 1896)). As stated earlier, defendant Schreckengost is not a party to the agreement. Moreover, the plaintiffs do not indicate what "credit [was] extended to" defendant Schreckengost, if any, by allegedly participating in the agreement negotiations. Id. Therefore, the plaintiffs' breach of contract claim, as provided in their complaint, does not show even a "glimmer of hope" of recovery against defendant Schreckengost.

    2.  <u>Counts Two and Three: Fraud and Estoppel</u>

Similar to the breach of contract claim, the same ruling may be concluded regarding the plaintiffs claims of fraud and estoppel against defendant Schreckengost. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Further, the United States Court of Appeals for the Fourth Circuit has noted that the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained

thereby.'" <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d
776, 784 (4th Cir. 1999) (internal citations omitted). As also
stated in <u>Harrison</u>, "A court should hesitate to dismiss a complaint
under Rule 9(b) if the court is satisfied (1) that the defendant
has been made aware of the particular circumstances for which she
will have to prepare a defense at trial, and (2) that plaintiff has
substantial prediscovery evidence of those facts." In cases
involving allegations of fraud relating to "an omission instead of
an affirmative misrepresentation," however, "less particularity is
required." <u>In Town Hotels Ltd. Partnership v. Marriot Int'l, Inc.</u>,
246 F. Supp. 2d 469, 487 (S.D. W. Va. 2003) (citing <u>Shaw v. Brown
& Williamson Tobacco Corp.</u>, 973 F. Supp. 539, 552 (D. Md. 1997)).

In addition to the standards under Rule 9, West Virginia law
provides the following essential elements in a fraud claim: "(1)
that the act claimed to be fraudulent was the act of the defendant
or induced by him; (2) that it was material and false; (3) that
plaintiff relied on it and was justified under the circumstances in
relying upon it; and (4) that he was damaged because he relied on
it." Syl. Pt. 5, <u>Folio v. City of Clarksburg</u>, 655 S.E.2d 143 (W.
Va. 2007) (internal citations omitted). Further, West Virginia law
recognizes that as a "general principle[,] [] an action for fraud
can arise by the concealment of truth." <u>Teter v. Old Colony Co.</u>,
441 S.E.2d 728, 734 (W. Va. 1994) (quoting <u>Thacker v. Tyree</u>, 297
S.E.2d 885, 888 (W. Va. 1982)). Nonetheless, "plaintiffs carry an

'unquestionably heavy' burden of proof" when proving a fraud claim. White v. Nat'l Steel Corp., 938 F.2d 474, 490 (4th Cir. 1991) (quoting Tri-State Asphalt Products, Inc. v. McDonough Co., 391 S.E.2d 907, 912 (W. Va. 1990)). As stated by one court, "a presumption always exists in favor of innocence and honesty in a given transaction and the burden is upon one who alleges fraud to prove it by clear and distinct evidence." White, 938 F.2d at 490 (quoting Steele v. Steele, 295 F. Supp. 1266, 1269 (S.D. W. Va. 1969) (citation omitted)).

In the instant case, the plaintiffs allege that the defendants engaged in fraud, whether by intentionally concealing material facts or making false representations. However, the plaintiffs provide only conclusory allegations. The plaintiffs do not state "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison, 176 F.3d at 784. As to defendant Schreckengost, the complaint states neither the time and place of the misrepresentations he made, if any, nor does it adequately point out defendant Schreckengost's specific participation in the alleged fraud. As the court stated in Bluestone Coal Corp., "simply alleging that [the defendant] was an [agent or employee] of the corporate defendant [here, Chesapeake], and that the corporate defendant engaged" in fraud is not enough. 2007 WL 6641647, at *7. Therefore, the plaintiffs do not comply

with the requirements under Rule 9 because they fail to state their fraud claim against defendant Schreckengost with sufficient particularity. Moreover, the plaintiffs have not complied with the requirements under West Virginia law. See <u>Folio</u>, 655 S.E.2d at Syl. Pt. 5 (internal citations omitted). In addition to pleading with insufficient particularity, the plaintiffs cannot recover against defendant Schreckengost because their fraud claim would not "arise independent of the existence of" the alleged contract. <u>Lockhart v. Airco Heating & Cooling, Inc.</u>, 567 S.E.2d 619, 624 (W. Va. 2002) (internal citations and quotations omitted). This Court already determined that the plaintiffs cannot prevail under their breach of contract claim against defendant Schreckengost. Because the fraud claim is based on the existence of the contract claim, the plaintiffs' fraud claim would not independently arise without the breach of contract claim. Accordingly, the plaintiffs cannot recover under their fraud claim against defendant Schreckengost because their fraud claim fails to arise independent of the existence of the lease agreement.

The plaintiffs also pleaded their equitable estoppel claim (Count Three) with insufficient particularity. Equitable estoppel "relates to misrepresentations of fact, positive acts, and omissions." <u>Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos</u>, 264 F.3d 424, 441 (4th Cir. 2001) (internal citations and

quotations omitted). More specifically, West Virginia law states the following as to equitable estoppel:

> The general rule governing the doctrine of equitable estoppel is that in order to constitute equitable estoppel or estoppel in pais there must exist a false representation or a concealment of material facts; it must have been made with knowledge, actual or constructive of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.

Folio, 655 S.E.2d at syl. pt. 3 (internal citations and quotations omitted). However, "[t]he general rule is that a promise to be performed in the future, and its subsequent breach, are not sufficient bases upon which to predicate fraud." Cottrell v. Nurnberger, 47 S.E.2d 454, 462 (W. Va. 1948); see White, 938 F.2d at 490 ("Broken promises are the substance of contract law and are not to be shoehorned into an ill-fitting suit of fraud."). Furthermore, "Rule 9(b) applies to any cause of action that sounds in fraud or is grounded in fraud, even when the cause of action is not fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); see In re InSite Services Corp., LLC, 287 B.R. 79, 86 (S.D.N.Y. 2002).

As was the case regarding the plaintiffs' fraud claim, the plaintiffs have pleaded their estoppel claim with insufficient particularity. Other than baldly stating that the defendants provided false misrepresentations of fact or concealed material

18

facts, and that the plaintiffs relied on such acts or omissions, the complaint complies with neither Rule 9(b) nor West Virginia law's particularity requirements. Relying on those bald assertions and statements, not even a "glimmer of hope" exists as to the plaintiffs' claims for fraud and equitable estoppel against defendant Schreckengost.

      3.   Count Four: Unjust Enrichment

Finally, the plaintiffs' claim of unjust enrichment, as framed in the complaint, lacks even a chance of recovery against defendant Schreckengost. "Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." Bright v. QSP, Inc., 20 F.3d 1300, 1306 (4th Cir. 1994) (quoting Dunlap v. Hinkle, 317 S.E.2d 508, 512 n.2 (W. Va. 1984)). Further, the "benefit may be an interest in money, land, chattels, or chooses in action; beneficial services conferred; satisfaction of debt or duty owed by him; or anything which adds to his security or advantage." Hinkle, 317 S.E.3d at 512 n.2 (quoting Commercial Fixtures & Furnishings, Inc. v. Adams, 564 P.2d 773, 776 (Utah 1977)). In their complaint, the plaintiffs do not state what benefits defendants Schreckengost obtained. Moreover, the plaintiffs collectively accuse the defendants of profiting unjustly at the expense of the plaintiffs. Aside from those conclusory accusations, the plaintiffs provide no further details or allegations in their complaint as to how defendant Schreckengost

was unjustly enriched, and if so, what he unjustly obtained. Therefore, based on the plaintiffs' claims under Count Four, it does not appear that the plaintiffs have even the slightest chance of prevailing against defendant Schreckengost.

Based upon the reasons set forth above, this Court finds that defendant Schreckengost has been fraudulently joined in this civil action. Accordingly, his residency will be ignored for diversity jurisdiction purposes. Furthermore, the plaintiffs' motion for remand of this civil action must denied for the reasons discussed above. As to the plaintiffs' motion for attorney's fees and costs, the awarding of attorney's fees and costs in the motion to remand context falls under the discretion of this Court. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517 ,533 (1994)); see 28 U.S.C. § 1447(c)(2012). Furthermore, because this Court denies the plaintiffs' motion to remand and, thus, finds the defendants' removal as proper and reasonable, the plaintiffs should not be entitled to attorney's fees and costs incurred as a result of the removal. Martin, 546 U.S. at 141 ("[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

Therefore, the plaintiffs' motion for attorney's fees and costs as to the motion to remand must be denied.

B.    Defendant Schreckengost's Motion to Dismiss

As stated earlier, defendant Schreckengost filed a motion to dismiss the claims against him. ECF No. 8. For reasons similar to those concerning this Court's finding of fraudulent joinder, defendant Schreckengost's motion must be granted.

First, the plaintiffs' breach of contract claim against defendant Schreckengost must be dismissed. "A non-party to a contract cannot be sued for breach of that contract." A. Hak Indus. Services BV, 2014 WL 7243191, at *12. Because defendant Schreckengost does not appear to be a party to the alleged lease agreement between Chesapeake and the plaintiffs, defendant Schreckengost cannot be found liable under the plaintiffs' breach of contract claim. As to the plaintiffs' theories under the principles of agency, those theories are equally lacking in merit. West Virginia law explicitly states that "[a]n agent or broker contracting for and on behalf of a principal known or disclosed to the person with whom the contract is made, is not personally bound by it, nor liable for a breach thereof, unless the credit has been extended to him or he has expressly bound himself by the contract in some form." Hurricane Milling Co., 99 S.E. at 490 (citing Johnson, 24 S.E. at 585). The plaintiffs have not indicated or

alleged any specific "credit" or gain that defendant Schreckengost obtained.

Based on the law cited above, the plaintiffs' breach of contract claim must be dismissed as to defendant Schreckengost.

Second, the plaintiffs have failed to plead their claims for fraud and equitable estoppel with sufficient particularity. As discussed above, Rule 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Further, the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison, 176 F.3d at 784 (internal citations omitted). In addition to the standards under Rule 9, West Virginia law lists the following essential elements in a fraud claim: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied on it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied on it." Folio, 655 S.E.2d at syl. pt. 5 (internal citations omitted). "Plaintiffs carry an 'unquestionably heavy' burden of proof" when proving a fraud claim. White, 938 F.2d at 490 (quoting Tri-State Asphalt

<u>Products, Inc.</u>, 391 S.E.2d at 912).  In the instant case, the plaintiffs have not met the pleading standards required under either Rule 9 or West Virginia law for their fraud claim. Regarding defendant Schreckengost, the plaintiffs do not indicate the "'time, place, and contents of the false representations,'" or what exactly defendant Schreckengost "'obtained thereby.'" <u>Harrison</u>, 176 F.3d at 784 (internal citations omitted).  Rather, the complaint simply accuses the defendants of making a false representation, concealing material facts, and doing so intentionally.  However, the plaintiffs do not specifically allege when or where defendant Schreckengost conducted the alleged fraud, what defendant Schreckengost said or did that amounted to fraud, or what defendant Schreckengost obtained by committing such fraud. The conclusory allegations, as currently stated in the complaint, do not satisfy the particularity standards discussed above. Phrased another way, the plaintiffs have failed to carry their "unquestionably heavy" burden.  Therefore, the plaintiffs' fraud claim against defendant Schreckengost must be dismissed.

The same is found concerning the plaintiffs' equitable estoppel claim against defendant Schreckengost.  Stated earlier, "[t]he general rule is that a promise to be performed in the future, and its subsequent breach, are not sufficient bases upon which to predicate fraud."  <u>Cottrell</u>, 47 S.E.2d at 462. Furthermore, "Rule 9(b) applies to any cause of action that sounds

in fraud or is grounded in fraud, even when the cause of action is not fraud." <u>Vess</u>, 317 F.3d at 1106. Similar to their fraud claim, the plaintiffs make conclusory allegations regarding their equitable estoppel claim. However, those allegations do not satisfy the pleading requirements under Rule 9(b). Therefore, the plaintiffs' equitable estoppel claim against defendant Schreckengost must also be dismissed.

Lastly, the plaintiffs' unjust enrichment claim against defendant Schreckengost must also be dismissed. This Court previously stated that "[u]njust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." <u>Bright</u>, 20 F.3d at 1306 (internal citations and quotations omitted). In addition, the "benefit may be an interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of debt or duty owed by him; or anything which adds to his security or advantage." <u>Hinkle</u>, 317 S.E.3d at 512 n.2 (internal citations and quotations omitted). In their complaint, the plaintiffs do not state what benefits defendant Schreckengost obtained. Moreover, the plaintiffs simply accuse defendant Schreckengost of profiting unjustly at the expense of the plaintiffs. Aside from such conclusory accusations, the plaintiffs provide no further details or allegations in their complaint as to how defendant Schreckengost was unjustly enriched, and if so, what he unjustly obtained. Therefore, the plaintiffs'

claim of unjust enrichment against defendant Schreckengost must be dismissed.

C.   Chesapeake's Partial Motion to Dismiss

As mentioned earlier, Chesapeake filed a partial motion to dismiss, seeking to dismiss the plaintiffs' fraud and equitable estoppel claims against it.  After reviewing the parties' filings, Chesapeake's motion must be granted.  This Court previously stated the particularity requirements for a claim of fraud under both Rule 9 and West Virginia law.  The "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"  Harrison, 176 F.3d at 784 (internal citations omitted). Moreover, West Virginia law provides the following essential elements in a fraud claim: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied on it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied on it." Folio, 655 S.E.2d at syl. pt. 5 (internal citations omitted).  Similar to their allegations against defendant Schreckengost, the plaintiffs simply state that Chesapeake intentionally made false representations or withheld information and thereby benefitted from such fraud.  However, they do not allege when or where Chesapeake made the false

misrepresentations, what those misrepresentations or omissions were, or what Chesapeake fraudulently obtained. The plaintiffs' conclusory allegations clearly do not satisfy the pleading requirements as set forth above, under either Rule 9 or West Virginia law. Therefore, the plaintiffs' fraud claim against Chesapeake must be dismissed.

Moreover, the plaintiffs' claim for equitable estoppel against defendant Chesapeake is equally misguided. The applicable law, as stated earlier, requires the same heightened pleading standard under Rule 9 that a fraud claim must maintain. "Rule 9(b) applies to any cause of action that sounds in fraud or is grounded in fraud, even when the cause of action is not fraud." <u>Vess</u>, 317 F.3d at 1106. As was the case concerning their fraud claim, the plaintiffs again insufficiently plead their claim of equitable estoppel against defendant Chesapeake. Other than concluding that the defendants intentionally committed fraud against the plaintiffs, the plaintiffs provide no specific allegations as to that claim. Therefore, the plaintiffs fail to satisfy the applicable pleading requirements and, thus, their equitable estoppel claim must be dismissed.

In addition to dismissing the plaintiffs' fraud and equitable estoppel claims, the plaintiffs' claim of unjust enrichment must also be dismissed. This Court previously stated that "[u]njust enrichment of a person occurs when he has and retains money or

benefits which in justice and equity belong to another." <u>Bright</u>, 20 F.3d at 1306 (internal citations and quotations omitted). Further, the "benefit may be an interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of debt or duty owed by him; or anything which adds to his security or advantage." <u>Hinkle</u>, 317 S.E.3d at 512 n.2 (internal citations and quotations omitted). In their complaint, the plaintiffs do not state what benefits Chesapeake obtained. Moreover, the plaintiffs simply accuse Chesapeake of profiting unjustly at the expense of the plaintiffs without specifying what profit, if any, was obtained. Aside from such conclusory accusations, the plaintiffs provide no further details or allegations in their complaint as to how Chesapeake was unjustly enriched, and if so, what it unjustly obtained. Therefore, the plaintiffs' claim of unjust enrichment against Chesapeake must also be dismissed.

In its partial motion to dismiss, Chesapeake also seeks to dismiss the plaintiffs' claim for punitive damages and attorney's fees. This Court has already denied the plaintiffs' motion for attorney's fees concerning their motion to remand, which was also denied. As for the plaintiffs' claim for punitive damages, this Court finds that such a claim cannot proceed because the only remaining claim in this civil action is the plaintiffs' breach of contract claim. West Virginia law is clear on the matter, providing that "[g]enerally, punitive damages are unavailable in an

action for breach of contract unless the conduct of the defendant constitutes an independent, intentional tort." <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73, 80 (W. Va. 1986) (internal citations omitted); <u>see</u> <u>Short v. Grange Mut. Cas. Co.</u>, 307 F. Supp. 768, 773 (S.D. W. Va. 1969) ("Punitive damages, without exception, are not recoverable in breach of contract actions and this is true even if the breach is willful.") (internal citations and quotations omitted); <u>Warden v. Bank of Mingo</u>, 341 S.E.2d 679, 684 (W. Va. 1985) ("Punitive damages are allowed only where there has been malice, fraud, oppression, or gross negligence . . . punitive damages are generally unavailable in pure contract actions."). In the instant case, the plaintiffs' remaining claim is for breach of contract against Chesapeake. West Virginia law generally does not allow for the recovery of punitive damages in such actions. Therefore, the plaintiffs' request for punitive damages must also be denied.

D.   <u>Chesapeake's Motion to Strike or Alternative Motion to File a Sur-reply</u>

Chesapeake filed a motion to strike the plaintiffs' reply to their motion to remand or, alternatively, to file a sur-reply. ECF No. 22. In that motion, Chesapeake contends that the plaintiffs raised new arguments concerning the timeliness of its removal. Therefore, Chesapeake requests that either the plaintiffs' reply be stricken because they allegedly raised new issues for the first

28

time in that reply, or, alternatively, that it be allowed to file a sur-reply on the matter. The plaintiffs did not respond to Chesapeake's motion. However, because this Court has already determined that Chesapeake's removal is timely and ultimately denied the plaintiffs' motion to remand, Chesapeake's motion appears to be moot. Therefore, Chesapeake's motion to strike or alternatively to file a sur-reply must be denied as moot.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand and motion for costs, expenses, and attorney's fees (ECF No. 4) is DENIED. Defendant Donald J. Schreckengost's motion to dismiss (ECF No. 8), and defendant Chesapeake Appalachia, LLC's partial motion to dismiss (ECF No. 6) are GRANTED. Furthermore, defendant Chesapeake Appalachia, LLC's motion to strike or alternatively motion to file a sur-reply (ECF No. 22) is DENIED AS MOOT. Finally, the plaintiffs' claim for unjust enrichment and punitive damages against defendant Chesapeake Appalachia, LLC are both DISMISSED. Accordingly, the only remaining count in this civil action is the plaintiffs' breach of contract claim (Count One) against defendant Chesapeake Appalachia, LLC.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     August 27, 2015


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE