IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LADONNA MARTIN-EVANS, individually,
and STACEY D. EVANS, individually
and as power of attorney for
LADONNA MARTIN-EVANS,

    Plaintiffs,

v.                                                Civil Action No. 5:15CV87
                                                               (STAMP)

CHESAPEAKE APPALACHIA, LLC, an
Oklahoma limited liability company,
and DONALD J. SCHRECKENGOST a/k/a
D.J. SCHRECKENGOST, individually
and as an agent, employee and/or
representative of defendant,
CHESAPEAKE APPALACHIA, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DECLARE
ENTRY OF DEFAULT BY STATE COURT VOID,
VACATING THE ENTRY OF DEFAULT BY THE STATE COURT AND
ENJOINING THE STATE COURT FROM FURTHER PROCEEDINGS**

I.  Background

The plaintiffs planned to enter into a leasehold agreement with defendant Chesapeake Appalachia, LLC ("Chesapeake"). That contract was allegedly negotiated and entered into with the help of defendant Donald Schreckengost ("Schreckengost"). The plaintiffs alleged that defendant Schreckengost was an employee or agent of Chesapeake. Before finalizing the leasehold agreement with Chesapeake, the plaintiffs negotiated into right of way agreements with Appalachia Midstreams Services, LLC. However, the plaintiffs contended that after entering into those right of way agreements,

Chesapeake no longer sought to enter into the leasehold agreement. As a result, the plaintiffs entered into right of way agreements under the belief that they would be in a leasehold agreement with Chesapeake, which the plaintiffs claimed Chesapeake revoked its acceptance of that agreement.

Initially, the plaintiffs asserted four counts: (1) breach of contract; (2) fraud and/or constructive fraud; (3) estoppel; and (4) unjust enrichment, in addition to punitive damages. The parties then filed the following motions: (1) the plaintiffs' motion to remand; (2) Chesapeake's partial motion to dismiss; and (3) defendant Schreckengost's motion to dismiss. This Court then entered a memorandum opinion and order denying the plaintiffs' motion to remand, granting defendant Schreckengost's motion to dismiss, granting Chesapeake's partial motion to dismiss, and denying as moot Chesapeake's motion to strike/file a sur-reply. ECF No. 28.

Therefore, based on this Court's most recent ruling, the only remaining count in this civil action is the plaintiffs' breach of contract claim against Chesapeake. At issue now is the defendants'[1] motion to declare the entry of default by the state

---

[1] Although the only remaining defendant is Chesapeake, the motion at issue appears to be filed by all the defendants. Therefore, this Court will refer to the defendants collectively.

court[2] void and to enjoin the state court from further proceedings as to this civil action.

The defendants claim that four days after the removal of this civil action, the Circuit Court of Ohio County entered a default against them. Allegedly, the state court did so because the defendants did not respond to the complaint in state court. The defendants claim that they properly removed the civil action under 28 U.S.C. § 1446(d). The defendants point out that the state court received the notice of removal, but nonetheless entered a default. More specifically, the record shows that the defendants filed their notice of removal on July 9, 2015. The state court received a copy of the notice of removal on July 10, 2015. ECF No. 19 Ex. 1. However, the state court entered a default on July 14, 2015, which was after the civil action was removed and after the state court received the notice of removal. Id. at Exs. 1 and 2. Because the state court lost jurisdiction upon removal, the defendants believe that the post-removal entry of default must be deemed void. Further, the defendants request that this Court enjoin the state court from proceeding any further in this civil action.

In response, the plaintiffs first argue that the defendants improperly and untimely removed this civil action. Next, they

---

[2]Although the parties use the phrase "default judgment," it appears that the state court entered a default. It does not appear that a default judgment has been entered. Thus, this Court will refer to the state court's action as an entry of default rather than a default judgment.

believe the doctrine of unclean hands prohibits this Court from granting the defendants' motion. Further, the plaintiffs contend that the doctrine under Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) ("Rooker-Feldman doctrine"), further precludes this Court from awarding the defendants the relief they seek.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir.

1994); Marler v. Amoco Oil Co., 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Under 28 U.S.C. § 1446(b), a "petition for removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" Moreover, when removal is effected, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (2012). As stated by the United States Court of Appeals for the Fourth Circuit, "the statute deprives the state court of further jurisdiction over the removed case and that **any post-removal actions taken by the state court in the removed case action are void *ab initio*.**" Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) (emphasis added) (internal citations omitted). In accordance with that bar on further state court proceedings of the removed case, "a federal court may enjoin the continued prosecution of the same case in state court after its removal." Lou v. Belzberg, 834 F.2d 730, 740 (9th Cir. 1987).

The power to enjoin a state court in such a situation is derived from the exceptions under the Anti-Injunction Act, found under 28 U.S.C. § 2283. The Act states that a "court of the United States may not grant an injunction to stay proceedings in a State

court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2012). The Supreme Court of the United States has stated that the Act "is an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions." Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). Those specifically defined exceptions are the following: "(i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction[;] and (iii) the need to protect or effectuate the federal court's judgments." Standard Microsystems Corp. v. Texas Instruments, Inc., 916 F.2d 58, 60 (2d Cir. 1990) (citing Brotherhood of Locomotive Engineers, 398 U.S. at 287-88). Such exceptions are narrowly viewed, and if any doubts exist about whether a federal injunction should be issued against state court proceedings, those doubts "should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." In re Diet Drugs, 282 F.3d 220, 233 (3d Cir. 2002).

III. Discussion

As indicated earlier, the defendants seek to have this Court vacate the entry of default based on the proper removal of this civil action. More specifically, the defendants assert that the

timely removal of this civil action bars the state court from proceeding further for want of jurisdiction. The defendants believe that this Court should enjoin the state court from proceeding further. The plaintiffs, however, argue that the defendants' removal was untimely and improper. The plaintiffs then attempt to invoke the doctrine of unclean hands and the <u>Rooker-Feldman</u> doctrine. This Court will first examine whether it may enjoin the state court from further proceedings and whether it may vacate the entry of default, and then turn to the plaintiffs' assertions.

A. <u>Power to Enjoin State Courts</u>

As stated earlier, when removal is effected, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (2012). That restriction under the statute means that "the statute deprives the state court of further jurisdiction over the removed case and that **any post-removal actions taken by the state court in the removed case action are void *ab initio*.**" <u>Ackerman</u>, 734 F.3d at 249 (emphasis added) (internal citations omitted). Based on that restriction placed on state courts, "a federal court," under very narrow and limited circumstances, "may enjoin the continued prosecution of the same case in state court after its removal." <u>Belzberg</u>, 834 F.2d at 740.

Such a power to enjoin, however, is tempered by the Anti-Injunction Act, found under 28 U.S.C. § 2283. The Act "is an

7

absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within **one of the three specifically defined exceptions**." Brotherhood of Locomotive Engineers, 398 U.S. at 286 (emphasis added). Those specifically defined exceptions are the following: "(i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction[;] and (iii) the need to protect or effectuate the federal court's judgments." Texas Instruments, Inc., 916 F.2d at 60 (citing Brotherhood of Locomotive Engineers, 398 U.S. at 287-88).

At issue in this civil action is the "expressly authorized" exception. That exception authorizes a federal court to enjoin state-court proceedings if an Act of Congress creates "a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237 (1972). The directive under 28 U.S.C. § 1446(d), which states that "the State court shall proceed no further," has been held to be such an express authorization, and thus, a permissible exception for issuing an injunction. Ackerman, 734 F.3d at 250.[3]

---

[3]It should be noted that some courts apply the "necessary in aid of jurisdiction" exception in the removal context. See, e.g., 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobbers, 968 F.2d 401, 407 (3d Cir. 1992). Regardless of which exception is applied, the phrase at issue in the removal

8

Based on the law discussed above, it is clear that this Court has the power to enjoin the state court from proceeding in this civil action. However, "[w]hen an exception to the Anti-Injunction Act is present, a district court <u>may</u> issue an injunction, but it is not <u>required</u> to do so . . . whether to enjoin state-court proceedings is always discretionary." <u>Ackerman</u>, 734 F.3d at 252 (emphasis in original) (internal citations omitted). Nonetheless, under the discretion possessed by this Court, an injunction should be issued. The state court was without jurisdiction to proceed any further. According to the representations of the parties, the state court entered a default against the defendants four days <u>after</u> the removal of this civil action. ECF No. 19 Exs. 1 and 2. The removal statute is clear that once removal is effected, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Not only did this Court previously find that removal was timely and properly effected, but this Court also denied the plaintiffs' motion to remand. ECF No. 28. Upon the removal of this civil action, the state court was deprived of jurisdiction over the removed case, and such jurisdiction remains deprived while this civil action is pending before this Court. Furthermore, as stated above, the relevant provisions of the removal statute operate as an exception to the Anti-Injunction Act. See <u>Vendo Co. v. Lektro-Vend Corp.</u>, 433 U.S.

---

statute is considered an exception to the Anti-Injunction Act.

623, 640 (1977). This Court clearly acknowledges the "principles of comity, federalism, and equity" that "always restrain federal courts' ability to enjoin state proceedings." <u>In re Diet Drugs Prods. Liab. Litig.</u>, 369 F.3d 293, 306 (3d Cir. 2004). In light of those principles, and the law discussed above, this Court believes that an injunction should be issued, thus enjoining further proceedings in state court action docketed as Civil Action No. 15-C-149 in the Circuit Court of Ohio County, West Virginia.

B.  <u>Vacating the State Court's Entry of Default</u>

In addition to enjoining the state court, the defendants request that this Court vacate the state court's entry of default. Generally speaking, federal district courts have the power to set aside an entry of default by a state court in the following three situations: (1) "when a state court lacked jurisdiction to make an entry of default"; (2) "when a state court could have vacated its own default judgment"; and (3) "when a federal court could have vacated the entry of default." <u>Hawes v. Cart Products, Inc.</u>, 386 F. Supp. 2d 681, 689 (D.S.C. 2005) (internal citations omitted). In this case, the state court lacked jurisdiction to enter a default. As discussed earlier, 28 U.S.C. § 1446(d) mandates that a state court "shall proceed no further" upon an effective removal of a civil action. Here, the state court entered default four days after such removal, at which point the removal statute already deprived the state court of jurisdiction. Because the state court

had no jurisdiction to enter a default, this Court may vacate that entry. Moreover, the United States Court of Appeals for the Fourth Circuit has stated that "any post-removal actions taken by the state court in the removed case action are void ab initio." Ackerman, 734 F.3d at 249 (citing South Carolina v. Moore, 447 F.2d 1067, 1072-73 (4th Cir. 1971); accord Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 880 (1st Cir. 1983)). Therefore, the post-removal entry of default by the state court in this case is void. Thus, the entry of default entered by the state court is hereby VACATED.

C. Plaintiffs' Contentions

As discussed above, the plaintiffs make three primary contentions. First, the plaintiffs believe that the defendants' removal of this civil action was untimely and improper. Second, they argue that the doctrine of unclean hands prohibits the defendants from obtaining relief. Third, the plaintiffs contend that the Rooker-Feldman doctrine prohibits the relief requested by the defendants. This Court will discuss those arguments in turn.

1. The Defendants' Removal Is Proper and Timely

In its previous memorandum opinion and order, this Court found that the defendants timely and properly removed this civil action. ECF No. 28. Having previously determined that the defendants properly removed this civil action, this Court will not revisit this issue. Moreover, the plaintiffs' arguments asserted in their

11

response to the motion at issue do not persuade the Court to alter that prior ruling. Therefore, for the reasons set forth in this Court's prior memorandum opinion and order, the defendants' removal is timely and proper. ECF No. 28.

2. The Doctrine of Unclean Hands Does Not Apply

The plaintiffs next contend that the doctrine of unclean hands requires that this Court deny the defendants' request for equitable relief. Under that doctrine, a court is permitted to "withhold equitable relief from a party who is guilty of willful wrongdoing in relation to the controversy before it." Lyon v. Campbell, 33 F. App'x 659, 665 (4th Cir. 2002) (internal citations and quotations omitted). Phrased another way, a court "can deny relief . . . only when there is a close nexus between a party's unethical conduct and the transactions on which that party seeks relief." In re Uwimana, 274 F.3d 806, 810 (4th Cir. 2001). The application of the doctrine "is largely under the discretion of the district court." Campbell, 33 F. App'x at 665 (citing Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 815 (1945)).

Pursuant to the discretion possessed by this Court, the doctrine of unclean hands will not be applied because it is irrelevant to the motion at issue. The plaintiffs base the doctrine's application on their allegations of fraud set forth in the complaint. Based on that alleged fraud, and the defendants' allegedly improper removal, the plaintiff believes public policy

should prevent this Court from granting the defendants' motion. Those arguments are insufficient to invoke the doctrine of unclean hands for two reasons. First, as the defendants correctly point out, the motion at issue involves a matter of jurisdiction, not equity. Second, even if the doctrine was potentially applicable, the plaintiffs have not shown the "close nexus" between the defendants' allegedly unethical conduct and transactions. Instead, they have merely reasserted their allegations of fraud and untimely removal in an attempt to invoke the doctrine. It should be noted that this Court not only found that the defendants' removal was proper and timely, but also dismissed the plaintiffs' claims of fraud against the defendants.[4] Therefore, because the plaintiffs have failed to show that the doctrine should be invoked, the plaintiffs' argument cannot prevail.

   3. The *Rooker-Feldman* Doctrine Does Not Apply

The plaintiffs conclude their argument by asserting that the Rooker-Feldman doctrine precludes the defendants from "collaterally attacking" the entry of default by the state court. ECF No. 21. That argument is incorrect. The Rooker-Feldman doctrine provides that "lower federal courts generally do not have subject-matter jurisdiction to review state court decisions." Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (internal

---

[4] Indeed, the only remaining claim in this civil action is the plaintiffs' breach of contract claim against defendant Chesapeake. ECF No. 28.

brackets and citations omitted). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those arguments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Moreover, the doctrine provides that "only the Supreme Court [of the United States] has jurisdiction to hear appeals from final state court judgments." Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). "Proper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." Jenkins v. MTGLQ Investors, 218 F. App'x 719, 723-24 (10th Cir. 2007). Therefore, the doctrine fails to apply to "a properly removed case where . . . there is no attack on a separate and final state court judgment." Id.

This Court is unable to see how the Rooker-Feldman doctrine applies in this case. Here, the defendants properly filed a notice of removal. Following that removal, the state court entered a default, without jurisdiction to do so. The defendants have not filed a separate federal action challenging a state court judgment, which could possibly invoke the Rooker-Feldman doctrine. In a situation such as the present one, however, the doctrine is inapplicable. See, e.g., Westlake Legal Group v. Yelp, Inc., 599

F. App'x 481, 483 (4th Cir. 2015). Therefore, the plaintiffs' attempt to invoke the doctrine cannot succeed regarding the motion at issue.

## IV. Conclusion

For the reasons set forth above, the defendants' motion to declare state court default judgment void and to enjoin state court proceedings (ECF No. 19) is GRANTED. Accordingly, the entry of default entered by the state court is VACATED and the state court is hereby ENJOINED from further proceedings in state court action docketed as Civil Action No. 15-C-149 in the Circuit Court of Ohio County, West Virginia while this civil action remains pending before this Court.[5]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: November 2, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[5]The rulings contained in this order are not made lightly as the Court recognizes the boundaries of its jurisdiction and the long-standing doctrines of comity, federalism, and equity. However, to rule otherwise and not invoke the above applied exception to the Anti-Injunction Act would only create or continue a jurisdictional conflict between the two courts in one factual situation.